IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE JUAN MAYSONET, JR.<br><br>        Plaintiff,<br><br>vs.<br><br>REYNALDO GUEVARA, JOANN HALVORSEN as SPECIAL REPRESENTATIVE TO THE ESTATE OF ERNEST HALVORSEN, deceased, EDWARD MINGEY, LEE EPPLEN, FERNANDO MONTILLA, ROLAND PAULNITSKY, FRANK DIFRANCO, CITY OF CHICAGO, and COOK COUNTY,<br><br>        Defendants. | Case No. 18 CV 02342<br><br>Hon. Mary M. Rowland<br><br>Magistrate Judge Maria Valdez<br><br>JURY DEMAND |

**MOTION OF DEFENDANTS JOANN HALVERSON AS
SPECIAL REPRESENTATIVE TO THE STATE OF ERNEST
HALVERSON, DECEASED, EDWARD MINGEY, LEE
EPPLEN, FERNANDO MONTILLA, AND ROLAND
PAULNITSKY TO COMPEL THE DEPOSITION TESTIMONY
<u>OF ROSA BELLA, WITH INCORPORATED MEMORANDUM</u>**

Defendants Joann Halverson as Special Representative of Ernest Halverson, deceased, Edward Mingey, Lee Epplen, Fernando Montilla, and Roland Paulnitsky, (collectively the "Moving Parties"), by and through their attorneys, submit this Motion to Compel the Deposition Testimony of Rosa Bella for the willful violation of a subpoena for her deposition. In support, the Moving Parties state as follows:

1.  This action is pending in the Northern District of Illinois and involves federal and state law claims against the City of Chicago, former members of the Chicago Police Department, a former assistant state's attorney from the Cook County State's Attorney's Office, and Cook County.

2. In brief, the Moving Parties, through their counsel, issued a deposition subpoena from the Northern District of Illinois and served it on nonparty witness Rosa Bella in Massachusetts. The Moving Parties seek to depose Ms. Bella because she has personal knowledge of the underlying events that give rise to this action. Ms. Bella knowingly did not comply with the subpoena, and the Moving Parties now ask this Court to compel Ms. Bella's deposition testimony.

3. The District Court of Massachusetts has authority to compel the deposition testimony of a witness who was served in Massachusetts with a subpoena that was issued from the Northern District of Illinois. FED. R. CIV. P. 37(a)(2) ("**Appropriate Court.** A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). *See also* FED. R. CIV. P. 45(g) ("**Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

4. On June 24, 2021, the Moving Parties issued a subpoena to Rosa Bella, residing in Fitchburg, Massachusetts, for her deposition to be held at Worcester Public Library at 3 Salem Street, Worcester, Massachusetts 01608 on June 29, 2021, at 9:00 AM CST. A true and accurate copy of the Subpoena is attached as Exhibit A to the Affidavit of Josh M. Engquist, Esq., filed herewith ("Engquist Aff.").

5. On June 25, 2021, the subpoena was personally served on Ms. Bella and she was issued a $69.48 check for one day's attendance and mileage costs, pursuant to 28 U.S.C. § 1821. A true and accurate copy of the proof of service is attached as Exhibit B to the Engquist Affidavit. Engquist Aff. at ¶ 4.

6. On June 28, 2021, at 1:26 PM, the Moving Parties sent an email to Ms. Bella at rosamelendez707@gmail.com to inform her the location of the deposition changed from Worcester Public Library to Real Time Court Reporting at 9 Hammond Street, Worcester, Massachusetts 01610. A true and accurate copy of the email exchange is attached as Exhibit C to the Engquist Affidavit.  Engquist Aff. at ¶ 4.

7. The location of the deposition had to change because of a COVID-19 related issue at the Worcester Public Library.  Engquist Aff. at ¶ 4, Ex. C and Ex. D. (Dep. Bella Rosa at 6:19–23 (June 29, 2021)).

8. On June 28, 2021, at 4:26 PM, Ms. Bella responded to the email informing her the location of the deposition had changed by stating, "I told you that I was done with all that, [sic] is my pass,is [sic] going to stay the pass,iam [sic] sorry I got nothing to say. So [sic] do not expect me there and leave me alone [sic] I have a family [sic] you put in [sic] my family in danger." Engquist Aff. at ¶ 4, Ex. C.

9. The Moving Parties responded to Ms. Bella saying, "A subpoena is a court order and you do need to appear. If you are concerned about your safety or the safety of your family, please give Josh Engquist a call before your deposition at 630-735-3303 and discuss your concerns with him." *Id.*

10. Ms. Bella sent a final response on June 29 at 7:31 AM CST—the day of the deposition stating, "You cannot [sic] make me say anything I don't want to deal with none of this I have [sic] move on with my life I'm down with this [sic] I don't care if is [sic] a court order, you [sic] ain't getting nothing from me do you understand [sic] thank you very much and leave me alone [sic] I'm going to call the court and I'm going to find out what's going on to talk to anybody in there [sic] thank you very much." *Id.*

11. On June 29, 2021, at 9:00 AM CST, the parties convened for the deposition of Ms. Bella. Attorneys for all the Defendants and the Plaintiff entered their appearance, but Ms. Bella did not appear. A true and accurate copy of the transcript is attached as Exhibit D to the Engquist Affidavit. Engquist Aff. at ¶ 4.

12. The parties waited until 9:19 AM CST to provide Ms. Bella with the opportunity to appear for her deposition before suspending the deposition. *Id.* at *8:9–14. The record noted that Ms. Bella did not object to the change of location for her deposition or the notice of her deposition, but Ms. Bella did object to the deposition as it related to her and her family's safety. Engquist Aff. Exhibit D at *9:16–23.

13. The Moving Parties have attempted to communicate with Ms. Bella via telephone and sent Ms. Bella a letter on July 19, 2021, to reschedule her deposition. A true and accurate copy of the July 19 letter is attached as Exhibit E to the Engquist Affidavit. Engquist Aff. at ¶ 4. As of this filing, Ms. Bella has not responded to any of these attempts to communicate with her and to reschedule her deposition.

14. The Moving Parties now seek the Court to compel Ms. Bella's deposition because Ms. Bella is expected to provide testimony material to the underlying events that gave rise to this action.

## CONCLUSION

Moving Parties respectfully request this Honorable Court to Compel the Deposition Testimony of Rosa Bella for her failure to appear for a deposition after being served with a subpoena ordering her appearance.

    JOANN HALVERSON AS SPECIAL REPRESENTATIVE TO THE STATE OF ERNEST HALVERSON, EDWARD MINGEY, LEE EPPLEN, FERNANDO MONTILLA, and ROLAND PAULNITSKY

By their attorneys
/s/ Daniel H. Conroy
Christopher A. Kenney, BBO No. 556511
Daniel H. Conroy, BBO No. 557078
Kenny & Sams, P.C.
Reservoir Nine
144 Turnpike Road, Suite 350
Southborough, Massachusetts 01772
Tel: 508-490-8500
Fax: 508-490-8501
cakenney@KSlegal.com
dhconroy@KSlegal.com

Dated: September 28, 2021

Josh M. Engquist (To Be Admitted Pro Hac Vice)
Illinois Bar No.: 6242849
David A. Brueggen (To Be Admitted Pro Hac Vice)
Illinois Bar No.: 6289138
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, Illinois 60604
Tel: 630-735-3300
Fax: 630-773-0980
jengquist@jsotoslaw.com
DBrueggen@jsotoslaw.com

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Daniel H. Conroy, Attorney for the Defendants, Joann Halverson as Special Representative to the Estate of Ernest Halverson, Edward Mingey, Lee Epplen, Fernando Montilla, and Roland Paulnitsky hereby certify that counsel for Plaintiff and Defendant conferred regarding the foregoing motion.

/s/ Daniel H. Conroy
Daniel H. Conroy

Dated: 9/28/21

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, I electronically filed the above documents with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel registered for ECF service. In addition, I certify that on September 28, 2021, a true and correct copy of the foregoing was sent via email and U.S. mail to the following (being the person whose deposition is sought and the attorneys of record in the action pending in the United States District Court for the Northern District of Illinois)

*Attorneys for Plaintiff:*

Jennifer A. Bonjean
Ashley B. Cohen
750 Lexington Avenue, 9th FL
New York, NY 10022
(718) 875-1850
jennifer@bonjeanlaw.com
ashley@bonjeanlaw.com

Steven A. Greenberg
Steven A. Greenberg, Ltd.
53 W. Jackson, Suite 1260
Chicago, IL 60604
(312)879-9500
steve@greenergcd.com

Hinshaw & Culbertson LLP
151 N. Franklin, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
vrizzo@hinshawlaw.com
mstephenson@hinshawlaw.com
jlydon@hinshawlaw.com
rshannon@hinshawlaw.com
vrizzo@hinshawlaw.com
echoi@hinshawlaw.com
bbensinger@hinshawlaw.com

*Attorneys for Defendant DiFranco:*

Vincent Rizzo
Michael Stephenson
James Lydon
Robert Shannon
Esther Choi
V. Brette Bensinger

*Attorneys for Defendant Guevara:*

James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Megan K. McGrath
Michael John Schalka
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
thomas@ilesq.com
kevin@ilesq.com
mkm@ilesq.com
mjs@ilesq.com

*Attorneys for City of Chicago:*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Patrick Moran
Stacy Benjamin
Rock Fusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com
pmoran@rfclaw.com
sbenjamin@rfclaw.com

*Attorneys for Cook County:*

Edward M. Brener
David Adelman
Cook County State's Attorney's Office
50 W. Washington St., Room 500
Chicago, IL 60602
(312) 603-3369
edward.brener@cookcountyil.gov
david.adelman@cookcountyil.gov

**Rosa Bella**
193 Charles, Apt. 3
Fitchburg, MA 01420
Rosamelendez707@gmail.com

    /s/ Daniel H. Conroy
    Daniel H. Conroy